**MEMO ENDORSED**

# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Tanvir H. Rahman**
trahman@wigdorlaw.com

February 12, 2021

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, New York 10007

> Application granted. Parties shall appear for a conference on Mar. 10, 2021 at 11:00 am. Dial-in (866) 390-1828, access code 1582687. In advance of the conference, parties are directed to meet and confer re the issues in ECF 41 & 43. For any issues unable to be resolved, the parties shall submit a joint agenda by Mar. 8, 2021 with the issues requiring court intervention. The agenda shall include each party's position with supporting evidence and/or case law. ECF 41 resolved. SO ORDERED.
>
> Ona T. Wang  Feb. 24, 2021
> U.S.M.J.

    Re:    Lee v. Truist Bank, *et al*.; Civ. Case No. 20-cv-1816 (JGK)

Dear Judge Koeltl:

We represent Plaintiff Sharon Lee in the above-referenced matter and, pursuant to Rule II(B) of Your Honor's Individual Rules and Local Civil Rule 37.2, respectfully submit this pre-motion conference letter concerning Plaintiff's anticipated motion to compel regarding deficient discovery responses of Defendants Truist Bank ("Truist"), SunTrust Bank, Inc. ("SunTrust"), GenSpring Family Offices ("GFO"), Thomas Carrol and Robert Weiss (altogether, "Defendants").

**I.       Background**

This is an employment discrimination action in which Ms. Lee alleges she was fired by Defendants in retaliation for her protected complaints of discrimination based on her gender, age and race.  On December 4, 2020, Plaintiff wrote to Defendants outlining Defendants' deficient responses to Plaintiff's First Set of Document Requests and other discovery responses.  Since then, the parties have held three lengthy telephonic meet and confers on December 15 and 18, 2020, and on February 5, 2021.  The parties were able to resolve and/or narrow a number of their disputes, but some disputes remain, which we address below.

**II.      Comparator Evidence**

Document Request Nos. 10-12 in Plaintiff's First Set of Document Requests request documents pertaining to employees that Plaintiff has identified as comparators: Keith Cho, Nathan Willis, Jennifer Cobleigh, Robert Zimmerman and Niles Greene (altogether, "Comparators").  These Requests request documents and communications concerning the Comparators' work performance; changes to the terms and conditions of Comparators' employment; and disciplinary actions, warnings, probations or suspension notices issued to and/or about Comparators. Defendants objected on the basis of these Requests being overbroad, not properly limited in time and scope, irrelevant, and disproportionate to the needs of the case, as well as a result of them being "unduly invasive" and implicating "the privacy concerns of non-parties to this action."

During the numerous meet and confer discussions, Defendants also claimed that the individuals included in these requests are not appropriate comparators.

First, the individuals selected as comparators are appropriate, as they all had substantially similar roles/responsibilities as Ms. Lee and, during at least some of the relevant period, reported to the same supervisors.  Second, the comparator evidence sought by Plaintiff is plainly relevant to Plaintiff's claims that she was a strong performing employee who was subjected to retaliatory adverse actions on the basis of false claims of poor performance.  Simply put, documents showing similarly performing employees being held to different standards squarely concern Defendants' reasons for subjecting Plaintiff to disciplinary action.  Even if Defendants contend that Ms. Lee's performance was not their reason for their ultimate decision to terminate Ms. Lee, evidence demonstrating that they engaged in a pattern of unjustifiable discipline is certainly relevant to undermine the genuineness of the legitimate, non-discriminatory, non-retaliatory reasons proffered by Defendants, which is also a way to prove pretext.  Further, with respect to younger, white and/or male comparators, evidence of their favorable treatment supports Plaintiff's claims that Defendants made discriminatory decisions with respect to the terms and conditions of Plaintiff's employment due to her race, national origin, color, gender and age.

Finally, Defendants' position that the documents sought can be withheld due to them implicating the "privacy concerns of non-parties to this action" is misguided.  Courts routinely allow for the discovery of confidential employment-related information of nonparty comparators in employment discrimination matters and the appropriate safeguard of such employees' privacy interests is through a protective order (present in this case) – not nondisclosure.  See Duck v. Port Jefferson Sch. Dist., 07 Civ. 2224 (ADS) (WDW), 2008 WL 2079916 at *4 (E.D.N.Y. May 14, 2008) (quoting Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376, 377 n. 2 (S.D.N.Y. 1996) (finding protective order an appropriate remedy for privacy concerns regarding personnel files and noting that privacy concerns "can be addressed by means short of restricting the scope of discovery")).

### III.    Complaints of Discrimination or Retaliation

Request Nos. 37 and 40 in Plaintiff's First Set of Document Requests request documents concerning complaints, reports or other documentation regarding discrimination, harassment, retaliation, unfair treatment and/or unequal treatment at GFO or the Private Wealth Management Department at SunTrust/Truist from 2010 to the present, as well as the investigation of such complaints and reports.  Defendants objected to these requests on the basis of them being vague and ambiguous, overly broad, not properly tailored in scope, irrelevant, disproportionate, as well as them seeking documents that are publicly available, protected by attorney client privilege and/or work product protections and impacting the privacy concerns of nonparties.

Defendants ultimately agreed to produce complaints levied against the following individuals from 2015 until 2020: Robert Weiss, Thomas Carroll, Charles Swarns, Felicia Speetjens, and Oscarlyn Elder, who are either named defendants, individuals whom Defendants claim decided to terminate Plaintiff's employment, and/or were Plaintiff's managers towards the end of her tenure.  Defendants' proposal is inadequate, as complaints of discrimination, harassment, and retaliation against other managers similarly situated to her own are relevant to Plaintiff's claims of disparate treatment and retaliation as they could be probative of a pattern of conduct.  As such, Plaintiff proposes a compromise of all documents, communications and/or ESI concerning any complaint,

report or other documentation (including documents concerning resulting investigations) regarding discrimination, harassment and retaliation against **Managing Directors and above** at GFO or the Private Wealth Management Department at SunTrust/Trust from August 1, 2014 (1 year before Plaintiff's hiring) until December 18, 2019 (1 year after Plaintiff's termination). Such limited request is aligned with – and in fact more narrowly tailored than – the scope that courts in this district find appropriate with respect to similar requests in cases containing similar claims. See Ri Sau Kuen Chan v. NYU Downtown Hosp., No. 03 Civ. 3003 (CBM), 2004 WL 1886009 at *6 (S.D.N.Y. Aug. 23, 2004) (compelling the disclosure of all sexual harassment complaints – *company wide* – for a period beginning two years before plaintiff's employment until the present).[1]

## IV.    Retaliation Against Other Employees

Request No. 43 in Plaintiff's First Set of Document Requests requests "[a]ll documents, communications and/or ESI concerning any adverse actions taken against any employee or former employee of GFO or the Private Wealth Management Department at SunTrust/Truist from 2010 to the present within three months of a protected complaint, including but not limited to, discipline of any kind, termination of employment, filing or threatening to file legal claims and/or contesting unemployment." In their initial response, and throughout the numerous meet and confers, Defendants objected to this request on the basis of it being vague and ambiguous, overbroad, not properly tailored in time and scope, irrelevant, disproportionate and unduly invasive. Additionally, Defendants objected on the basis of this request implicating the privacy concerns of non-parties to this action, as well as to the extent that this request seeks the production of documents protected by the attorney-client, work product, and/or other applicable privileges. Based on these objections, Defendants refuse to produce any non-privileged responsive documents.

The plain wording of Request No. 43 clearly demonstrates that the request is properly limited in both time and scope. Additionally, the numerous informed discussions that Counsel for the parties have been able to have with respect to this request makes it clear that the request is not vague and unable to be understood. With respect to proportionality, Defendants refuse to make any effort to identify responsive documents and, as such, are unable to demonstrate how this request is disproportionate to the needs of this case. Finally, this request is most certainly relevant to Plaintiff's claim that Defendants engaged in a pattern of retaliation in response to her protected activity. Evidence showing the corporate Defendants engaging in a pattern of subjecting other employees that complain of discrimination to adverse actions within three months of their protected activity undoubtably supports Plaintiff's claims and is regularly found relevant by Courts in employment discrimination and retaliation cases. See Chan, 2004 WL 1886009 at *5 ("Information regarding other complaints of sexual harassment made by defendants' employees and actions taken in response thereto is clearly relevant to plaintiff's ability to make out her *prima facie* case of retaliation."). Lastly, for the reasons stated above with respect to Requests No. 10-12, the Court should reject Defendants' objection based on privacy interests of nonparties.

---

[1]     The court in Chan ordered the defendants to disclose, *inter alia*, any salary, race discrimination or national origin discrimination complaints made by women at the New York University Downtown Hospital during the period 1998 (2 years before the plaintiff's employment) to present.

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

Tanvir H. Rahman

cc:     Counsel of Record (*via* ECF)